Chief Justice Robertson
delivered the opinion of the Court.
Murphy having borrowed some money from Jennings & Co. and agreed that they should have his unprised crop of tobacco, for six dollars a hundred weight, to be paid on the delivery of the tobacco, and having afterwards sold and delivered it to Flanagan, — this action of trover and conversion was brought against the latter, for the value of the tobacco, as the property of Jennings & Co.; and the Court having instructed the jury to find for the defendant, verdict and a judgment were accordingly rendered in bar of the action; and the plaintiffs now complain that the instruction was erroneous, because,as they insist, the jury might have inferred that, the sum advanced as a loan was intended as earnest money, and that the legal title to the tobacco had been vested, by the contract of sale, in themselves.
We have no doubt that the facts might have justified the deduction that the sum advanced, or a portion of it, was entitled to all the effect of earnest money; but nevertheless, we have as little doubt that, neither that, nor any other fact, proved on the trial, could be deemed to have had the effect of transferring the property of the tobacco to the plaintiffs.
Earnest does not necessarily and always transfer the title to the specific property for which it has been given, *218 It only binds the contract. Notwithstanding the payment of earnest, if the whole price is to be paid on delivery of the thing bought, of which there was no delivery at the time of the contract, the purchaser cannot maintain detinue or trover for the property bought, until he shall have paid or tendered the entire consideration. And it is perfectly evident, in this case, that there had been no actual.delivery of the tobacco to the plaintiffs, nor any payment or tender of the whole price agreed to be paid for it. The plaintiffs, however, insist that there was a constructive delivery, and that the vendor, after the contract, was their bailee. We admit that the contract may have been, and probably was, complete and binding on the parties; but we cannot conceive that there was, according to any allowable interpretation of the evidence, a constructive delivery of the tobacco to the plaintiffs; or that the contract of sale was what should be deemed an executed agreement. Lord Ellenborough’s test is that, “if any thing remain to be done on the part of the seller, as between him and the buyer, before “ the commodity purchased is delivered, a complete present right of property has not attached in the buyer.” And,in cases of doubt and difficulty, this has been generally considered, in England, a decisive criterion, and was so applied against the buyer, in the case of Withers vs. Lyss, (4 Campb. 237,) resembling this case in every material fact and characteristic. Here the quantity of the tobacco had not been ascertained, and it was necessary that the vendor should prepare it for delivery, and have it weighed, before there could have been a delivery or payment of the stipulated price; and, moreover, he had a lien on it for the consideration.
We are, therefore, clearly of the opinion that, the property in the tobacco had not been transferred from the seller to the plaintiffs, so as to enable them to maintain trover for the conversion of it; for had the tobacco been consumed or spoiled, the day after the date of the contract, and without the vendor’s fault, we cannot doubt that the loss would have been his; and that, therefore, he could not have recovered the stipulated price.
Judgment affirmed.